## GALLAGHER *vs.* ROBERTS.

A demand upon the maker of a note by the cashier of a bank in which it had been left for collection, is sufficient to charge the indorser, though such cashier *had not the note with him* at the time — all the parties residing in the town where the bank was located.

ASSUMPSIT against the defendant as indorser of a promissory note of hand made by one *Bartlett,* payable to the defendant of his order.

The only question reserved was, whether the demand on *Bartlett,* was legal and sufficient. It was made on the last day of grace by the Cashier of the Bangor Commercial Bank, by his leaving with the maker a written notice in the usual form — but

there was no evidence that he had the note with him at the time. The maker and indorser both lived in *Bangor.*

On this evidence a default was entered, which was to be taken off and the cause stand for trial if the demand was insufficient — otherwise there was to be judgment on the verdict.

*McGaw* and *Poor,* for the plaintiff.

*Rogers,* for the defendant.

MELLEN C. J. — The only question reserved is, whether the demand on *Bartlett,* the maker of the note, was a legal and sufficient one. It was made at the proper time, and unless it was necessary that the cashier who made it, in the manner mentioned in the report, should have had the note in his possession at the time, there can be no defence. In the case of *Freeman & al.,* v. *Boynton,* 7 *Mass.* 483, it was decided that a demand made on the maker of the note in *Wiscasset* by an agent of the plaintiffs then living in *Boston* and having the note there in their possession, while *Merrill,* the agent, at the distance of one hundred and sixty miles from *Boston,* had only a *copy* of the note when he made the demand, was insufficient. No one doubts the correctness of that decision. But in giving the opinion of the court, *Parker J.* says, " This rule may admit of exceptions ; as where from the usual course of business, of which the parties are conusant, the security may be lodged in some bank, whose officers shall demand payment and give notice to the indorser, according to the custom of such banks, the security not being presented at the time of the demand, but the parties being presumed to know where it may be found." The form of the notice and demand left with *Bartlett,* was information where the note was. — He knew it was discounted at the bank — and he and the indorser both lived in *Bangor.* This case is precisely such a one as the Court, in *Boynton's* case, observed would constitute an exception from the rule they then established. We are all of opinion that there must be

*Judgment on the default.*